IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

United States Securities and Exchange
Commission,

        *Plaintiff*,

   v.

Bally Total Fitness Holding Corp.,

        *Defendant*.

CIVIL ACTION 08-00348 (HHK)

## DEFENDANT'S BRIEF IN SUPPORT OF PROPOSED FINAL JUDGMENT

In its March 6, 2008, Order, the Court ordered the parties to submit briefing on two issues: (1) the principles of law governing the Court's review of the proposed final judgment; and (2) the reasons why the Court should enter the proposed final judgment. Defendant Bally Total Fitness Holding Corp. ("Bally") respectfully submits this memorandum in response to the Court's Order.

### I. BACKGROUND

The Securities and Exchange Commission ("SEC") has authorized the commencement of an enforcement action against Bally on charges that Bally violated the federal securities laws. Specifically, the complaint filed by the SEC on February 28, 2008, charged that from at least 1997 through 2003 Bally's financial statements were materially misstated or otherwise not in conformity with generally accepted accounting principles ("GAAP"). The proposed final judgment is the result of a settlement agreement between Bally and the SEC that resolves these claims against Bally.

The accounting misstatements described in the SEC's complaint were the subject of an internal investigation by the Audit Committee of Bally's Board of Directors. Following the

internal investigation, in November 2005, the Company restated its previously-issued financial statements for 2002 and 2003, and restated selected financial data for 2000 and 2001. The results of the Audit Committee's internal investigation were shared voluntarily with the SEC. In addition, the Company fully cooperated with the SEC during its investigation and continues to do so.

Bally's Board of Directors has determined that it is in Bally's best interests to settle the SEC's action, rather than bear the financial burden and risks involved in proceeding through trial. In concluding the settlement, Bally has consented to the entry of the proposed final judgment by this Court without admitting or denying the allegations of a complaint filed by the SEC. The proposed final judgment permanently enjoins Bally from violating the antifraud, reporting, record-keeping and internal controls requirements of the federal securities laws.

## II.   THE PRINCIPLES OF LAW GOVERNING THE COURT'S REVIEW OF THE PROPOSED FINAL JUDGMENT

There is little authority defining a court's duty when presented with a settled civil enforcement action filed by the SEC. The principal decision in this area appears to be *S.E.C. v. Randolph*, 736 F.2d 525 (9th Cir. 1984).[1] In *Randolph*, the Ninth Circuit held that "unless a consent decree is unfair, inadequate, or unreasonable, it ought to be approved." 736 F.2d at 529. The Ninth Circuit explained that this means that a court's review is concerned with whether the SEC's proposed consent decree is "in the public interest." *Randolph,* 736 F.2d at 529. However, the court of appeals reasoned that a court should defer to the SEC's determination "that the decree is appropriate and simply ensure[] that the proposed judgment is reasonable." *Randolph,*

---

[1] There is authority in the D.C. Circuit describing the nature of a court's review of a consent decree in contexts other than an settled civil enforcement action filed by the SEC. These cases, although not on point here, are consistent with the Ninth Circuit's decision in *Randolph*. *See U.S. v. Microsoft Corp.,* 56 F.3d 1448, 1462 (D.C. Cir. 1995) (discussing public interest consideration and deference); *Citizens for a Better Env't v. Gorsuch*, 718 F.2d 1117, 1126 (D.C. Cir. 1983) (discussing public interest consideration); *U.S. v. Trucking Employers, Inc.*, 561 F.2d 313, 317 (D.C. Cir. 1977) (same).

736 F.2d at 529.

Accordingly, Bally submits, and agrees with the SEC, that the Court should defer to the SEC's determination that the proposed final judgment serves the public interest and should enter the proposed final judgment unless it is unfair, inadequate, or unreasonable.

### III. THE PROPOSED FINAL JUDGMENT PROMOTES BALLY'S BEST INTERESTS

Bally defers to and agrees with the SEC's determination that the proposed final judgment is in the public interest and reasons why it should be entered on that basis. Additionally, Bally states that the proposed final judgment is in the best interests of Bally and its stakeholders. *See, e.g., S.E.C. v. Clifton*, 700 F.2d 744, 748 (D.C. Cir. 1983) (recognizing benefits to defendants from entering consent decrees).

In the years since the discovery and correction of its financial misstatements, Bally has faced tremendous financial burdens (it filed for and emerged from bankruptcy in 2007) and has incurred (and continues to incur) significant litigation expenses relating to the restatement. The proposed final judgment will put to an end the SEC's dispute with Bally and allow Bally to focus on regaining its previous financial and organizational health. As with many settlements, the driving factor compelling Bally to consent to the entry of judgment against it is the avoidance of the risks and uncertainties inherent in litigation, especially in litigation against the government. There is no doubt that Bally would incur considerable litigation expense defending against the SEC's claims if the settlement is not concluded. Moreover, by virtue of the settlement, Bally is neither admitting nor denying the allegations in the SEC's complaint. This permits Bally to avoid an adverse judgment on the merits, which could have numerous adverse collateral consequences for Bally. *See, e.g., Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322 (1979) (holding that petitioner company collaterally estopped in securities class action from re-litigating questions of fact resolved in prior SEC litigation).

For these reasons, Bally has elected to settle the charges brought by the SEC and its Board of Directors has approved the settlement agreement and the proposed final judgment.

## IV. CONCLUSION

For all of these reasons, and the reasons set forth by the SEC in their memorandum submitted in response to the Court's Order, Bally respectfully requests that the Court enter the proposed final judgment.

Dated: March 28, 2008

Respectfully submitted,

LATHAM & WATKINS LLP
   William R. Baker, III
   J. Christian Word

By /s/ J. Christian Word
   J. Christian Word (D.C. Bar 461346)
   555 11th Street, N.W. Suite 1000
   Washington, D.C. 20004
   Tel: 202-637-2200
   Fax: 202-637-2201
   Email: Christian.Word@lw.com
   Attorneys for Defendant
   Bally Total Fitness Holding Corp

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of March, 2008, I filed the foregoing Brief in Support of Proposed Final Judgment using the Court's CM/ECF system, which will send electronic notification of such filing to the following:

Alan M. Lieberman
liebermana@sec.gov

/s/ J. Christian Word