UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>BALLY TOTAL FITNESS HOLDING CORPORATION,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 08-348 (HHK)<br>)<br>)<br>)<br>)<br>) |

### PLAINTIFF'S CONSENT MOTION TO FILE SUPPLEMENTAL BRIEF

Plaintiff, the United States Securities and Exchange Commission ("SEC") respectfully moves for leave to file this supplemental brief, which further addresses the Court's Order entered March 8, 2008. Counsel for defendant, Bally Total Fitness Holding Corporation ("Bally"), consents to the relief plaintiff requests. Plaintiff's initial Response [Dkt. # 3] addressed the legal principles applicable to a court's review of a settled SEC enforcement action, but provided few specifics about the procedure for applying those principles. For the reasons set forth below, the interests of justice would be served by addressing those procedures here. Accordingly, good cause exists to grant this motion and allow plaintiff to file its supplemental brief.

### SUPPLEMENTAL BRIEF

Although plaintiff was unable to find a case directly on point, the case law (and the considerations underlying the decisions) suggest that when presented with a settled SEC enforcement action, a court is to review the papers (that is, the complaint and proposed final judgment) for two criteria: (1) reasonableness and (2) implementation. See, e.g., United States v. Microsoft Corp., 56 F.3d 1448, 1460, 1462 (D.C. Cir. 1995) (Tunney Act case) (the district court

"not empowered to reject [remedies in proposed consent decree] merely because he believe[s] other remedies [are] preferable"; when a district court is presented with a proposed consent decree, "the court can and should inquire . . . into the purpose, meaning, and efficacy of the decree. If the decree is ambiguous, or the district judge can foresee difficulties in implementation, . . . the court [should] insist that these matters be attended to.").[1]

    Regarding the first criterion, reasonableness, the proposed settlement must be in the public interest. In evaluating the reasonableness of the settlement, a court is to accord substantial deference to the SEC's judgment that the terms of the settlement are in the public interest. Response at 2-7. Accordingly, a court's role is to determine if the papers on their face disclose terms of settlement that appear within the range of reasonableness. More specifically, if the terms of settlement, viewed in light of the complaint's allegations, are such that a reasonable person could view them as a reasonable resolution of the case, then under familiar principles of law, a court's role is satisfied because the SEC did not abuse its discretion in determining that the settlement is in the public interest. Cf. Smith v. Widman Trucking & Excavating, Inc., 627 F.2d 792, 795-96 (7th Cir. 1980) ("An abuse of discretion is established only where no reasonable man could agree with the district court; if reasonable men could differ as to the propriety of the court's action, no abuse of discretion has been shown."). If, on the other, a court's review of the papers leads it to the conclusion that no reasonable person could think the terms of the settlement were

---

[1] Microsoft is not directly on point here for at least two reasons. First, it was decided under the Tunney Act, which prescribes procedures for settlements in civil enforcement actions under the antitrust laws that are inapplicable to civil enforcement actions under the federal securities laws. Second, the consent decree in Microsoft was contested by third parties, and thus the court was afforded adversarial presentations developing the facts and law that are absent in the context of a uncontested consent decree.

- 3 -

reasonable, then the court should have the parties address the specific concerns that led to its conclusion.

The second criterion, implementation, requires a court to determine whether the terms of the final judgment reasonably can be implemented by the court.  In evaluating this second criterion, the court's review is less deferential, because the court is in the better position to evaluate the practicality of implementing and enforcing its orders.  If administering some provision of the settlement would present practical problems, then the court's role is to require the parties to address the court's specific concerns.  E.g., Microsoft, 56 F.3d at 1462.

## **CONCLUSION**

For the foregoing reasons, as well as those set forth in our Response, the Court should enter the proposed final judgment.

Respectfully submitted,

    /s/
Alan M. Lieberman

Of Counsel:	Robert E. Leidenheimer, Jr.
    U.S. Securities & Exchange Commission
Fredric D. Firestone	100 F. Street, N.E.
Kenneth R. Lench	Washington, D.C. 20549
David Kagan-Kans	Tel.:  202-551-4474 (Lieberman)
    Fax:  202-772-9245 (Lieberman)
Dated:  April 1, 2008	Email:  LiebermanA@sec.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2008, the foregoing was served by the Court's ECF system upon counsel for defendant.

/s/
Alan M. Lieberman
Assistant Chief Litigation Counsel